IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| CHRISTINE BANKS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 14 CV 279 |
| | ) | |
| CAROLYN COLVIN, Acting | ) | Magistrate Judge Susan E. Cox |
| Commissioner of the Social Security | ) | |
| Administration, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## ORDER

Christine Banks' motion for leave to proceed *in forma pauperis* [dkt. 4] is granted for the reasons set forth below.

## STATEMENT

SUSAN E. COX, Magistrate Judge

Before the Court is Ms. Banks' *in forma pauperis* application and financial affidavit. Ms. Banks seeks permission to appeal *in forma pauperis* the defendant's, Commissioner of the Social Security Administration, decision denying her application for Supplement Security Income on the grounds that the Administrative Law Judge's decision was "contrary to law and not supported by substantial evidence."[1] The decision of whether to grant a request to proceed *in forma pauperis* is one left to the court, pursuant to Title 28 of the United States Code Section 1915.[2] As other courts have recognized, "[f]iling *in forma pauperis* is a privilege, and an IFP application should be filled out carefully and comprehensively."[3] A request to proceed *in forma pauperis* must be denied if: (1) the claim of poverty is untrue; (2) the claim is frivolous or malicious, (3) the action fails to state a claim upon which relief may be granted, or (4) the action seeks monetary relief against a defendant who is immune from such relief.[4]

In her application, Ms. Banks reports that she only receives $189.00 in public assistance in the form of food stamps and does not have an income. She avers that neither she nor anyone else living with her has more than $200.00 in income or savings; owns any stocks, bonds or

---

[1] Compl. ¶8, dkt. 1.
[2] 28 U.S.C. §1915(a)(1).
[3] *Hartley v. Villa Scalabrini Nursing & Rehab. Ctr.*, 2009 WL 3188070, *2 (N.D. Ill. Sept. 30, 2009) (citations omitted).
[4] 28 U.S.C. §1915(e)(2)(B); *see also Basurto v. Astrue,* No. 10-4023, 2010 WL 2720744, *1 (N.D. Ill. July 7, 2010).

securities; and/or owns any real estate, with or without a mortgage. She states that no individuals live with her for support and that she has no dependents outside of her residence.

The Court considers Ms. Banks' application in connection with the financial obligations of a one-person household with no annual income, and only $189.00 per month in public assistance. Under the Department of Health and Human Services' 2014 Annual Federal Poverty Guidelines, an annual income of $11,670.00 is the poverty line for a one-person household.[5] The Court relies on this figure, as well as the absence of any savings or investments, in finding that Ms. Banks is indigent. Because the court has no reason to believe that her action is frivolous, or fails to state a claim, her application is granted.

Date: May 22, 2014 /s/ Magistrate Judge Susan E. Cox

---

[5] U.S. Dept. of Health & Human Services: 2014 Poverty Guidelines, http://aspe.hhs.gov/poverty/14poverty.cfm (last visited May 22, 2014).