# IN THE UNITED STATES DISTRICT COURT FOR
# THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CHRISTINE BANKS, | ) |
| Plaintiff, | ) |
| v. | ) No. 14 cv 00279 |
| CAROLYN W. COLVIN, Acting Commissioner of Social Security, | ) Magistrate Judge Susan E. Cox |
| Defendant. | ) |

## ORDER

Plaintiff Christine Banks ("Plaintiff") appeals the Commissioner of Social Security's ("Defendant") decision to deny her Social Security disability benefits under Title XVI of the Social Security Act. We hereby grant plaintiff's motion for summary judgment [dkt. 13], and deny Defendant's motion for summary judgment [dkt. 23]. The Administrative Law Judge's decision is remanded for further proceedings consistent with this opinion.

## STATEMENT

Plaintiff appeals the Defendant's decision to deny her Supplemental Social Security Income Disability Benefits under Title XVI of the Social Security Act. For the reasons outlined below, we grant Plaintiff's motion [dkt. 13], deny Defendant's motion [dkt. 23] and remand the Administrative Law Judge's decision for further proceedings consistent with this opinion.[1]

Plaintiff claims that she has been disabled since February 7, 2011, due to degenerative disc disease of the cervical spine, arthropathies of the lumbar spine and right leg, obesity, limited far acuity, alcohol abuse, cocaine abuse, and depression.[2] Plaintiff applied for disability benefits on

---

[1] Additionally, this Court notes that Plaintiff's briefs contain citations to psychiatric records that do not appear in the documents supplied to the Court. The record supplied to this Court contains 563 pages [dkt. 11]. However, Plaintiff's briefs cite to higher-numbered pages than this. [*See* dkt. 14 at 13; dkt. 25 at 7.] Because this Court does not reach issues related to the claimed psychiatric disabilities, such records were not necessary to support this opinion remanding this instant case, but the parties will need to address the problems with the record on remand.
[2] R. at 16-18.

February 7, 2011.[3] Her application was initially denied by the Social Security Administration on June 14, 2011;[4] Plaintiff's reconsideration of the adverse ruling was also denied,[5] and Plaintiff filed a request for a hearing before an Administrative Law Judge ("ALJ").[6]

The hearing was held on September 5, 2012. At the hearing, the Plaintiff testified that she had been hit by a car in 2009.[7] As a result, she had a knee surgery, and also began suffering from neck and back pain.[8] Plaintiff stated that her knee had continued to trouble her following her surgery, and that her knee would become swollen and painful if she stood for half an hour or more.[9] She also testified that the pain in her spine prevented her from "stay[ing] outside for a long time" and that she was constantly in pain.[10] Plaintiff noted that she spends most of the day in bed because that is the most comfortable place for her, but that she had trouble sleeping, which required her to sleep sitting up with her legs propped up in a chair.[11] Plaintiff begins feeling a burning sensation in her toes if she sits for more than half an hour, which causes her to have to stand up.[12] According to the Plaintiff, she was scheduled to see a foot doctor following the hearing to have a cane prescribed to help her walk.[13] Additionally, Plaintiff claimed that her hands were weak and that pain radiated from her spine down her arms.[14]

Following her accident, Plaintiff attempted to work as a day laborer, but had to leave that

---

[3] R. at 18.
[4] *Id.*
[5] *Id.*
[6] *Id.*
[7] R. at 42.
[8] R. at 40-41, 43. It is unclear whether Plaintiff had knee replacement surgery, as her testimony suggests, or had screws and plates inserted in her tibia, as the medical records suggest. R. at 285. Either way, Plaintiff had surgery to repair the injury she suffered to her right knee and leg after being hit by a car in 2009.
[9] R. at 43.
[10] R. at 44.
[11] R. at 47.
[12] R. at 43, 49
[13] R. at 49.
[14] R. at 59-60.

job because she had swelling in her knees and her "hands and stuff kept giving out."[15] Plaintiff lived with a friend, and testified that her 30-year-old daughter did Plaintiff's shopping and her hair.[16] Plaintiff said she could shower and dress herself, but that she could not do any cooking, cleaning, or laundry.[17]

Following the hearing, ALJ James D. Wascher determined, *inter alia*, that: 1) Plaintiff had not engaged in substantial gainful activity since February 7, 2011; 2) Plaintiff suffered from severe impairments in the form of degenerative disc disease of the cervical spine, arthropathies of the lumbar spine and right left, obesity, limited far acuity, alcohol abuse, cocaine abuse, and depression; 3) Plaintiff's impairments did not meet the severity of "the listings" in 20 CFR Part 404, Subpart P, Appendix 1; 4) Plaintiff has the residual functional capacity ("RFC') to perform light work as defined in 20 CFR 416.967(b), in that she could lift and carry up to 20 pounds occasionally and 10 pounds frequently and could stand or walk for 6 hours in an eight-hour work day and sit up to 6 hours in an eight-hour workday; and 5) there are jobs that exist in significant numbers in the national economy that Plaintiff can perform, given her age, education, work experience and residual functional capacity.[18] Although, the ALJ found that the Plaintiff's impairments could reasonably be expected to cause Plaintiff's symptoms, he believed that Plaintiff's "statements concerning the intensity, persistence and limiting effects of these symptoms are not credible to the extent they are inconsistent with" the ALJ's RFC assessment.[19]

In reaching his conclusion, the ALJ relied on the opinion of State agency medical consultant Dr. Richard Bilinsky, M.D., who opined that Plaintiff could "lift and/or carry 50 pounds occasionally and 20 pounds frequently; stand and/or walk about 6 hours and sit about 6

---

[15] R. at 40.
[16] R. at 45-46.
[17] R. at 46.
[18] R. at 18-27.
[19] R. at 42.

3

hours per 8-hour workday; and perform unlimited pushing and/or pulling."[20] The ALJ accorded this opinion "some weight because of [Dr. Bilinsky's] familiarity both with the longitudinal record in this case as it existed at the time [he] rendered [his] opinions, and with the Administration's regulatory programs."[21] Meanwhile, the Plaintiff's treating physician, David Stewart, M.D., stated that Plaintiff could carry or lift 5 pounds, stand or walk for 1 to 2 hours, and that the amount of time Plaintiff could sit would depend on her symptoms.[22] The Plaintiff testified that she had treated with Dr. Stewart for 7 years at the time of her hearing.[23] However, the ALJ "accord[ed] this opinion little weight because it is not consistent with the medical records and is contradicted by the opinions of the State agency consultants, to whose opinion the undersigned gives greater weight."[24]

## DISCUSSION

### I. STANDARD OF REVIEW

The ALJ's decision must be upheld if it follows the administrative procedure for determining whether the plaintiff is disabled as set forth in the Act,[25] if it is supported by substantial evidence, and if it is free of legal error.[26] Substantial evidence is "relevant evidence that a reasonable mind might accept as adequate to support a conclusion."[27] Although we review the ALJ's decision deferentially, she must nevertheless build a "logical bridge" between the evidence and her conclusion.[28] A "minimal[] articulat[ion] of her justification" is enough.[29]

---

[20] R. at 25.
[21] *Id.*
[22] *Id.*
[23] R. at 48.
[24] R. at 25-26.
[25] 20 C.F.R. §§ 404.1520(a) and 416.920(a).
[26] 42 U.S.C. § 405(g).
[27] *Richardson v. Perales*, 402 U.S. 389, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971).
[28] *Moore v. Colvin*, 743 F.3d 1118, 1121 (7th Cir. 2014).
[29] *Berger v. Astrue*, 516 F.3d 539, 545 (7th Cir. 2008).

4

## II. THE ALJ FAILED TO ARTICULATE HIS REASONS FOR ACCORDING PLAINTIFF'S TREATING PHYSICIAN'S OPINION LITTLE WEIGHT.

The "treating physician" rule requires that an ALJ give controlling weight to the medical opinion of a treating physician if it is well-supported by medically acceptable clinical and laboratory diagnostic techniques and not inconsistent with the other substantial evidence.[30] If an ALJ does not accord controlling weight to the ALJ's opinion, the ALJ must evaluate six criteria in deciding how much weight to afford a medical opinion: (1) the nature and duration of the examining relationship; (2) the length and extent of the treatment relationship; (3) the extent to which medical evidence supports the opinion; (4) the degree to which the opinion is consistent with the entire record; (5) the physician's specialization if applicable; and (6) other factors which validate or contradict the opinion.[31] In this case, the ALJ failed to evaluate these criteria, and, as a result, this opinion constituted legal error and this decision must be reversed.

Although the ALJ touched on some of these criteria, many of them were ignored completely. For instance, the ALJ did not mention the length of Plaintiff's treatment history with Dr. Stewart (7 years), or the nature and duration of the examining relationship. Moreover, the ALJ's treatment of some criteria was circular and illogical. By way of example, the statement that Dr. Stewart's opinion should be given little weight because it "is contradicted by the opinions of [Dr. Bilinsky], to whose opinions the [ALJ] gives greater weight" is akin to arguing the he gives the opinion little weight because it carries little weight; it is a completely circular argument. Moreover, the ALJ's decision to accord Dr. Bilinsky's opinion weight because of his familiarity with the "longitudinal record" in this case, while neither acknowledging nor discussing Dr. Stewart's treatment history with the Plaintiff – and how that might affect Dr. Stewart's relative familiarity with the Plaintiff's treatment record – was also

---

[30] 20 C.F.R. § 404.1527(d)(2). *See also Roddy v. Astrue*, 705 F.3d 631, 636 (7th Cir. 2013).
[31] 20 C.F.R. § 404.1527(d)(2)-(d)(6). *See also Harris v. Astrue*, 646 F. Supp. 2d 979, 999 (N.D. Ill. 2009).

error.  In short, the ALJ failed to adequately analyze the necessary criteria to discount Dr. Stewart's opinion as the Plaintiff's treating physician, which is clear error.

> **III. THE ALJ FAILED TO CONSIDERTHE PLAINTIFF'S INABILITY TO PERFORM ACTIVITIES OF DAILY LIVING IN DETERMING THAT THE PLAINTIFF HAD THE ABILITY TO PERFORM LIGHT WORK.**

In this case, the ALJ failed to build a "logical bridge" between the medical evidence on the record, and his conclusion that Plaintiff is capable of performing "light work" with no limitations on standing or walking, despite her right leg arthropathies resulting from being hit by a car and having surgery to repair that leg.  "Light work" is defined as work that "involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, *a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls.* To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities."[32]  According to a Social Security Administration Program Policy Statement, the full range of light work requires a claimant to walk or stand for up to six hours in an eight-hour workday.[33]

Here, the ALJ noted that the Plaintiff testified that she needed assistance with personal care such as dressing and grooming, household chores like laundry, and she could not prepare her own meals.[34] The ALJ failed to investigate or analyze the relationship between the activities that Plaintiff testified she was unable to perform and their relationship to Plaintiff's ability to stand or walk for up to six hours per day.  It is unclear from this record how a person whose back

---

[32] 20 CFR 404.1667 (emphasis added); *see also Hermann v. Colvin*, 772 F.3d 1110, 1111 (7th Cir. 2014).
[33] SSR 83–10,1983 WL 31251, at *5–6; *see also Thomas v. Colvin*, 534 Fed. Appx. 546, 549 n.1 (7th Cir. 2013).
[34] R. at 21.

and leg pain prevents her from cooking, doing laundry, or doing her hair could have the ability to engage in light work, as defined by the Social Security Administration. Without this analysis, the ALJ did not draw the "logical bridge" between the medical records (*i.e.*, the Plaintiff's complaints of knee and leg pain and difficulty walking and standing) and her ability to perform "light work" (*i.e.*, Plaintiff's ability to walk or stand for up to six hours in an eight-hour work day). Failing to do so was legal error, and the ALJ's decision is reversed.

### IV. THE ALJ IMPROPERLY DISREGARDED PLAINTIFF'S TESTIMONY AND OTHER CIRCUMSTANTIAL EVIDENCE ON THE RECORD.

Plaintiff's credibility is crucial to showing that her disability is responsible for her inability to work, and the ALJ "may not ignore circumstantial evidence, medical or lay, which does support claimant's credibility."[35] Here, the ALJ ignored a large swath of circumstantial evidence on the record that would credibly support the plaintiff's subjective complaints. For example, the ALJ noted that the Plaintiff stood up "a total of seven times" during the hearing, implying that she could stand for long periods of time.[36] However, the ALJ totally ignored Plaintiff's testimony stating that she stood up during the hearing because she begins to feel a burning sensation in her toes if she sits for more than half an hour, which causes her to have to stand up.[37] Additionally, the ALJ did not anywhere mention that the record showed that Plaintiff had surgical screws and plates inserted in her right leg following her accident, or that she suffered from "[l]ikely postoperative sclerotic reactions" in her "right tibial plateau."[38] Instead, the ALJ simply stated that the Plaintiff had worn a knee brace since being hit by a car.[39] Furthermore, the ALJ twice noted that the Plaintiff was able to ambulate without a cane

---

[35] *Lopez v. Barnhart,* 336 F.3d 535, 539-40 (7th Cir. 2003).
[36] R. at 21
[37] R. at 43, 49.
[38] R. at 284.
[39] R. at 21.

7

to support his conclusion that Plaintiff had the residual functional capacity to perform light work,[40] but failed to consider that Plaintiff was attempting to have a cane prescribed to her to help her with walking.[41] By ignoring this circumstantial evidence, the ALJ committed legal error, and we must remand for further proceedings consistent with this opinion.

## **CONCLUSION**

For the foregoing reasons, we remand this matter for further proceedings consistent with this opinion. Plaintiff's motion for summary judgment is granted [dkt. 13] and the Commissioner's motion for summary judgment is hereby denied [dkt. 23].

**ENTER:**
**DATED:** June 9, 2015                                    /s/ Susan E. Cox
                                                            Susan E. Cox
                                                            United States Magistrate Judge

---

[40] R. at 23,26,
[41] R. at 49.